GLADNEY, Judge.
This action ex contractu seeks recovery of damages from H. D. Durrett, allegedly for defectively drilling and completing a water well on November 30, 1960, at plaintiff’s premises in Webster Parish, near Lake Bisteneau. The defense rests upon a general denial and after consideration of the issues, plaintiff’s demands were rejected. From the decree plaintiff has appealed.
Plaintiff and defendant entered into an agreement which was more or less informal, and not completely in writing, although the defendant furnished to the defendant a statement of the costs of the pipe, material and labor, required for completion of the well. The total price agreed upon was *802 $564.70. Plaintiff alleges that the agreement contemplated that the well would be 292 feet deep, with 80 feet of casing, 100 feet of drop pipe with a % horsepower pump, 42 gallon tank and all fittings which were recommended by the defendant; that the well was completed and the pump installed on or about November 30, 1960, and the defendant was paid the contract price; that within a few days thereafter the well became unsatisfactory in that its water was not usable due to the presence of an excessive amount of sand; and that thereafter plaintiff continually complained to the defendant who failed to correct the condition although he made several attempts to do so, and finally on or about August 17, 1961, the well went dead and ceased to operate. Damages are alternatively sought for the return of the amount paid the defendant, $564.70, or the cost of reworking the well, $680.00, or the cost of a new well, $800.00.
It is asserted by the defendant that the first complaint registered by the plaintiff was in February of 1961, at which time he used an air compressor. Later he replaced a switch in the pump which, he testified, was ruined by a dirt dauber’s nest. As a result of these service calls plaintiff claims the sum of $105.00 for which he made re-conventional demand.
The record reveals that appellant’s only complaint is that this well was not installed with a screen which has resulted in the water containing an excessive amount of sand which requires the insertion of and change of filters to render the water usable. The record does not disclose the contract required installation of a screen, nor that defendant agreed to install more casing and drop pipe than was actually placed therein. Dur-rett testified that during the discussion leading up to the agreement he suggested to plaintiff that the well might not need a screen, hut that if plaintiff desired one it would cost additionally about $200.00, and that because of the expense, plaintiff refused to require a screen for the well. The defendant further contends that he did not guarantee the quantity or quality of the water, but only to drill to the water sand to be found at about 292 feet. He also testified that shortly prior to trial of the case, he, accompanied by Waldo S. Andrus, a chemist, took samples of the water from plaintiff’s well, which were analyzed by An-drus and the analysis disclosed the water to be free of sand.
Plaintiff called in his behalf a witness, Shelton Prator, a well driller with the B. F. Edington Drilling Company, who testified as an expert. Questioned by counsel, he testified:
“Q. All the wells you drill you always have them screened and gravel packed, don’t you ?
“A. No, sir, I do not.
“Q. After you have drilled a well and if later it sands up, what do you do in that case ?
“A. It depends on the contract that I have with the customer.”
The record, we believe, fails to disclose the obligation of Durrett to place a screen in the well. As pointed out by Prator, this was entirely a matter of contract. Both Durrett and Prator testified that if excessive sand content is revealed in the water, the condition can be corrected by graveling and screening. It is our conclusion that the original contract did not impose this obligation upon the defendant.
The appellee, having failed to appeal or answer plaintiff’s appeal, is precluded from urging his reconventional demand in this court.
For the foregoing reasons, the judgment from which appealed is affirmed at appellant’s cost.